```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
MELROSE ASSOCIATES LIMITED PARTNERSHIP,    :
                                          :
                         Plaintiff,        :      20cv2924 (DLC)
                                          :
              -v-                          :      MEMORANDUM OPINION
                                          :          AND ORDER
FLORAL ASSOCIATES LIMITED PARTNERSHIP;    :
JOSEPH T. CEFALO; FREDERICK W. CEFALO;    :
and STEPHEN R. CEFALO,                    :
                                          :
                         Defendants.       :
                                          :
----------------------------------------- X
```

APPEARANCES

For plaintiff:
Allen Bodner
Law Offices of Allen Bodner
45 Broadway, Ste. 520
New York, NY 10004
(212) 344-5633

For defendants:
Michael A.H. Schoenberg
Ruskin Moscou Faltischek, P.C.
1425 RXR Plaza, E. Tower
Uniondale, NY 11556
(516) 663-6600

DENISE COTE, District Judge:

On April 9, 2020, defendants Floral Associates Limited Partnership ("Floral"), Joseph T. Cefalo, Frederick W. Cefalo, and Stephen R. Cefalo (collectively the "Individual Defendants," and with Floral, the "Defendants") removed this case from the Supreme Court of the State of New York, County of New York ("New

York Supreme Court") on the basis of diversity jurisdiction.  On May 4, 2020, plaintiff Melrose Associates Limited Partnership ("Melrose") moved for remand, arguing that the parties are not diverse.  For the reasons stated below, this case is remanded to state court.

## Background

On February 27, 2020, Melrose filed this action in New York Supreme Court.  As has become clear, there is no diversity of citizenship between the plaintiff and Defendants.  Melrose is a limited partnership.  Some of its limited partners are residents of Massachusetts.  Floral is also a limited partnership.  Its partners include the Individual Defendants, who are all residents of Massachusetts.

The complaint alleges five state law causes of action against the Defendants in connection with Floral's sale of a property in April 2019.  In particular, the complaint alleges that the Defendants breached a 1983 limited partnership agreement between Melrose and the Individual Defendants and their fiduciary duties by misappropriating funds that belong to Melrose and by failing to provide Melrose with a final and complete accounting relating to the operation and sale of the property, as well as the Defendants' tax returns and audited annual report.

Melrose has moved to remand this action to New York Supreme Court, explaining that there is no diversity jurisdiction over this action because certain limited partners of Melrose are, like the Defendants, residents of Massachusetts.[1] On May 7, the Defendants opposed Melrose's motion for remand. The Defendants argue that there is federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## Discussion

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Whitehurst v. 1199SEIU United Healthcare Workers East, 928 F.3d 201, 206 (2d Cir. 2019) (citation omitted). "[A] plaintiff may avoid federal jurisdiction by pleading only state law claims, even where federal claims are also available, and even if there is a federal defense." Id. (citation omitted).

"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." City of Rome, N.Y. v. Verizon Comms. Inc., 362 F.3d 168, 176 (2d Cir. 2004) (citation omitted).  Rather, there

---

[1] On April 16, 2020, the Defendants moved to dismiss the complaint pursuant to Rules 12(b)(1), (3), and (6), Fed. R. Civ. P., or, in the alternative, to transfer venue.  This motion was scheduled to be fully submitted on June 12.

3

is a "special and small category" of cases in which federal question jurisdiction exists over state law claims.  <u>N.Y. ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.</u>, 824 F.3d 308, 315 (2d Cir. 2016) (citing <u>Gunn v. Minton</u>, 568 U.S. 251, 258 (2013)).  As explained by the Supreme Court in <u>Gunn</u>,

> Federal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

568 U.S. at 258.  The "substantiality inquiry" looks to the "importance of the issue to the federal system as a whole."  <u>Id.</u> at 260.  For federal jurisdiction to exist, all four of these requirements must be met.  <u>Id.</u> at 258.  "The Supreme Court has been sparing in recognizing state law claims fitting this criterion."  <u>Wells Fargo</u>, 824 F.3d at 315 (citation omitted).

There is no federal question jurisdiction over this action.  The complaint alleges state law claims for breach of contract and breach of fiduciary duties.  While the Defendants argue that resolution of these claims "turns on" the proper interpretation of the National Housing Act and regulations issued by the Department of Housing and Urban Development ("HUD"), federal jurisdiction does not exist simply because a defendant intends to cite issues of federal law in its defense.

Federal jurisdiction also does not exist under the exception described by the Supreme Court in <u>Gunn</u>.  There is no

reason to believe that interpretation of the National Housing Act or HUD regulations will give rise to issues that have the "sort of significance to the federal system necessary to establish jurisdiction." Gunn, 568 U.S. at 259. The Defendants have not even demonstrated that such issues will necessarily be raised or disputed in the course of this litigation. Indeed, no federal law or regulations are cited in the complaint.

## Conclusion

Melrose's May 4 motion is granted. This case is remanded to state court. The Clerk of Court shall close this case.

Dated:   New York, New York
         May 21, 2020

_____
DENISE COTE
United States District Judge

5